UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 22-cv-81857-MATTHEWMAN

DIANA FEDDERMAN,

   Plaintiff,

vs.

PALM BEACH COUNTY SCHOOL DISTRICT, et al,

   Defendants.

_____/

**Plaintiff's Motion for Limited Protective Order to Narrow the Scope of Defendants' Subpoena re: Gynecological Records and Information**

With respect to defendants' notice serving subpoena to obtain medical records from plaintiff's gynecologist, Dr. Steward P. Newman, and the October 25, 2023 e-mail indicating an intent to depose him, plaintiff moves for entry of a limited protective order narrowing the scope of the subpoenas for such discovery, as states as follows:

1.   <u>The limitation sought re: the gynecologist and records:</u> Plaintiff seeks an order:

***One,*** limiting the scope of highly sensitive records to be produced by Dr. Newman, a gynecologist (whom plaintiff has seen for the past 30 years or so for various gynecological issues, who did not treated her for the damages sought in this action and is not on either party's witness list) solely to the anti-anxiety medication that plaintiff testified she was prescribed back in the early 2000s (2007 or 2008), as well as the reason for the prescription. Defendants rejected plaintiff's offer to limit the scope of the subpoena to those matters, and instead want to serve a subpoena that they indicate is intended to reach

> **A copy of any and all records concerning anxiety, mood disorder, depression, mental health, insomnia, headaches and or migraines, treatments which have potential side effects that may include change of mood, depression, anxiety, insomnia and headaches and or migraines,** which includes, but my [sic] not be limited to, office notes, office records, office statements, test results, medical records, medical bills, consultation reports, X-ray films, radiological reports, diagnostic test results, MRI, CT and/or CAT scans films, and their reports, psychiatric and/or psychological reports and records, reports to insurance

>> companies, photographs and/or videotapes, disability ratings, reports and records of an charges and payments, correspondence memoranda, etc., relating to the care and treatment of:

(Emphasis in the original) As discussed below, that language is contradictory and is broad enough to cover records outside that scope of the highlighted area, particularly when considered with the "Definitions" section and proposed HIPAA release, and which otherwise seek medical information and records to which plaintiff objects; and

>> ***Two***, similarly limiting the scope of deposition testimony from Dr. Newman.

    2.    <u>Cases re: "highest sensitivity" afforded to gynecological records</u>:

        a.    <u>EEOC v. Woodmen of World Life Insurance Society</u>, 8:03CV165, at *5-6 (D. Neb. Feb. 1, 2007) (granting motion for protective order concerning subpoenas for gynecological records in a discrimination action because "the defendant has failed to make the threshold showing at this time of any relevance to this case regarding Rollins's gynecological history," explaining: "However, an 'emotional distress claim does not, however, give Defendants an unfettered right to pursue discovery into [the plaintiff's] entire medical history.'" <u>Manessis v. New York City Dept. of Transp.</u>, No. 02 CIV. 359SASDF, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) (citing cases) (noting waiver of privilege 'does not permit discovery of information involving unrelated illnesses and treatment')."

        b.    <u>Prado v. Equifax Info. Servs. LLC</u>, 331 F.R.D. 134, 137-38 (N.D. Cal. 2019) ("As courts have recognized, medical records regarding a patient's sexual and gynecological history 'are not only sensitive, but of the highest sensitivity. Courts have long recognized that allowing any person, other than the patient or doctor, to view these records is embarrassing and potentially harassing.' <u>Batchelor v. Merck & Co., Inc.</u>, No. 3:05-CV-791 JTM, 2007 WL 4179015, at *4 (N.D. Ind. Nov. 20, 2007) (citing <u>Mitchell v. Hutchings</u>, 116 F.R.D. 481, 484 (D. Utah 1987) ).")

   c. In this case, a limitation is appropriate because plaintiff is a current employee, and Dr. Newman is not on either party's witness list.

 3. <u>The overtly broad language of the subpoena, including the "Definitions" and proposed HIPAA release, which contradict the contention that defendants want only the records in the highlighted section of the subpoena</u> — Such language include:

   a. The "Definitions" section, which indicates that "Document or Record" means essentially everything in the doctor's file;

   b. The "Documents Requested" section, with the "including but not limited to" language that similarly includes everything in the doctor's file;

   c. The proposed HIPAA release, which instructs Dr. Newman to everything, i.e., "furnish full and complete file records, medical records concerning private health information, policy information, employment information, plan documents, and any and all other information....."

 Defendants' subpoena is no less invasive because a portion seemingly limits the records to certain symptoms — defendants ignore that some of those symptoms (e.g., insomnia, trouble focusing, mood changes, depression, anxiety, etc,) may arise for other conditions, such as menopause, which have absolutely no bearing on this action.  <u>See</u> https://www.womenshealth.gov/menopause/menopause-symptoms-and-relief  Complying with this request would be tantamount to disclosing plaintiff's entire gynecological history including  highly private and sensitive information that far exceeds the requirements of justice.

<b><u>Certificate of Conferral</u></b>

 I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion, in a good faith effort to

resolve the issues raised in the motion, including by providing a previous draft of this motion. Defendants object to the relief sought.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF this day to the parties of record on the Service List.

        Respectfully submitted,

        */s/ Jennifer Daley*
        WILLIAM R. AMLONG
        Florida Bar No. 470228
        WRAmlong@TheAmlongFirm.com
        KAREN COOLMAN AMLONG
        Florida Bar No. 275565
        Kamlong@TheAmlongFirm.com
        JENNIFER DALEY
        Florida Bar Number 856436
        Jdaley@TheAmlongFirm.com
        THE AMLONG FIRM
        500 Northeast Fourth Street
        Fort Lauderdale, Florida 33301-1154
        (954) 462-1983
        ***Attorneys for Plaintiff***,
            ***Diana Fedderman***

\\amlong3\cpshare\CPWin\HISTORY\231031_0001\1898.140